J-S58024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SAMUEL LETTERLOUGH, | |
| Appellant | No. 491 MDA 2015 |

Appeal from the PCRA Order of February 26, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000226-1992

BEFORE:  GANTMAN, P.J., OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 16, 2015**

Appellant, Samuel Letterlough, appeals, *pro se*, from the order entered on February 26, 2014, dismissing his third petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546.  We affirm.

This Court previously summarized the facts and procedural posture surrounding Appellant's convictions, judgment of sentence, and prior PCRA petitions.  As we explained:

> On October 19, 1992, a jury convicted [Appellant] of second-degree murder and robbery.[fn.1]  On December 12, 1994, the trial court sentenced [A]ppellant to a mandatory sentence of life imprisonment on the second-degree murder conviction.  No further sentence was imposed on the robbery conviction.  On March 13, 1996, this Court affirmed [Appellant's] judgment of sentence, and our Supreme Court denied [Appellant's] petition for allowance of appeal on October 3, 1996.  ***Commonwealth v. Letterlough***, 678 A.2d 829 (Pa. Super. 1996) (unpublished memorandum), *appeal denied*, 683 A.2d 878 (Pa. 1996) (*per curiam*).

* Retired Senior Judge assigned to the Superior Court

[Appellant] did not file a petition for a writ of *certiorari* with the Supreme Court of the United States.

[fn.1]   18   [Pa.C.S.A.]   §§ 3701   [and]   2502(b), respectively.

On June 21, 2007, [Appellant] filed his first *pro se* PCRA petition. On June 25, 2007, the PCRA court appointed counsel. On July 23, 2007, [Appellant's] counsel filed a motion to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*); and[,] **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2006). On August 1, 2007, the PCRA court gave notice pursuant to Pa.R.Crim.P. 907 of its intention to dismiss [Appellant's] PCRA petition without a hearing and, after review, granted counsel's motion to withdraw. On August 21, 2007, the PCRA court dismissed [Appellant's] PCRA petition as untimely.

. . .

[On] April 7, 2008, [] we affirmed the PCRA court's order dismissing [Appellant's first] PCRA petition. Our Supreme Court denied [Appellant's] petition for allowance of appeal . . . on September 10, 2008. [**Commonwealth v. Letterlough**, 953 A.2d 833 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 956 A.2d 433 (Pa. 2008)].

On June 28, 2011, [Appellant] filed a [*pro se*] petition for a writ of *habeas corpus*[, which constituted Appellant's second petition under the PCRA]. . . . [The PCRA court did not appoint counsel and, o]n July 7, 2011, the [PCRA] court [dismissed Appellant's second PCRA] petition[.] . . . [On March 27, 2012, this Court affirmed the PCRA court's order. **Commonwealth v. Letterlough**, 47 A.3d 1257 (Pa. Super. 2012) (unpublished memorandum). Appellant did not thereafter file a petition for allowance of appeal to the Pennsylvania Supreme Court].

*Commonwealth v. Letterlough*, 105 A.3d 787 (Pa. Super. 2014) (unpublished memorandum) at 1-2 (some internal quotations, citations, and corrections omitted).

On August 7, 2014, Appellant filed the current, *pro se* PCRA petition – which constitutes Appellant's third petition for post-conviction collateral relief under the PCRA. Within this petition, Appellant claimed that, in 2007, his first PCRA counsel provided him with ineffective assistance. **See** Appellant's Third PCRA Petition, 8/7/14, at 1-10. Further, while Appellant cited the relevant statutes that delineate the exceptions to the PCRA's one-year time-bar, Appellant pleaded no facts that could satisfy any of the statutory timeliness exceptions. **See id.** at 8-10; **see also** 42 Pa.C.S.A. § 9545(b).

Appellant filed a *pro se* amendment to his third PCRA petition on September 17, 2014. Within the amended petition, Appellant claimed that he was entitled to relief because his mandatory sentence of life imprisonment for second-degree murder was now illegal in light of **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013) and this Court's *en banc* opinion in **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*). Appellant's Amended Third PCRA Petition, 9/17/14, at 1-8.

On January 20, 2015, the PCRA court provided Appellant with notice that it intended to dismiss Appellant's PCRA petition in 20 days, without holding a hearing. PCRA Court Order, 1/20/15, at 1; **see also** Pa.R.Crim.P. 907(1). On February 2, 2015, Appellant responded to the PCRA court's Rule

907 notice by declaring that his petition was timely because the petition was predicated upon an illegal sentencing claim, the United States Supreme Court's opinion in **Alleyne**, and "facts [that] were known to him [sic] by Tracy Whitaker/Cp-9712 here at SCI Coal Township."[1] Appellant's Response to Rule 907 Notice, 2/2/15, at 1-4.

The PCRA court finally dismissed Appellant's PCRA petition on February 26, 2015 and Appellant filed a timely notice of appeal to this Court. We now affirm the dismissal of Appellant's patently untimely, serial PCRA petition.

As our Supreme Court held, we "review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by evidence of record and whether its decision is free from legal error." **Commonwealth v. Liebel**, 825 A.2d 630, 632 (Pa. 2003).

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." **Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts,

---

[1] Appellant never explained what facts "were known to him by Tracy Whitaker." **See** Appellant's Response to Rule 907 Notice, 2/2/15, at 1-4.

- 4 -

we are required to first determine the timeliness of a petition before we consider the underlying claims. **Commonwealth v. Yarris**, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. **See**, **e.g.**, **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); **Commonwealth v. Fahy**, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

**Commonwealth v. Whitney**, 817 A.2d 473, 475-476 (Pa. 2003).

In the case at bar, Appellant's judgment of sentence became final in 1997, when his time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. **See** U.S.Sup.Ct.R. 13(1). As Appellant did not file his current petition until August 7, 2014, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. **See** 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the

petitioner properly plead and prove all required elements of the relied-upon exception).

Here, Appellant purports to invoke the "newly recognized constitutional right" exception to the time-bar. This statutory exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> . . .
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> . . .
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

As our Supreme Court explained:

> Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases

- 6 -

> on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Copenhefer*, 941 A.2d 646, 649-650 (Pa. 2007), *quoting* *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002) (internal corrections omitted). Moreover, since the plain statutory language of section 9545 demands that the PCRA petition "allege" all elements of the statutory exception, it is clear that – to properly invoke the "newly recognized constitutional right" exception – the petitioner must plead each of the above-stated elements in the petition. 42 Pa.C.S.A. § 9545(b)(1).

Within Appellant's third PCRA petition, Appellant claimed that his mandatory sentence of life imprisonment is now illegal in light of the United States Supreme Court's opinion in *Alleyne* and this Court's opinion in *Newman*. This claim immediately fails, as Appellant did not file his current PCRA petition within 60 days of the date *Alleyne* was decided[2] and *Newman* was an opinion from this Court – not the Supreme Court. Therefore, under the plain statutory language of 42 Pa.C.S.A. § 9545(b)(1)(iii) and (2), Appellant's PCRA petition cannot satisfy the "newly recognized constitutional right" exception to the time-bar. Appellant's attempt to invoke the "newly recognized constitutional right" exception to the PCRA's one-year time-bar thus fails.

---

[2] *Alleyne* was decided on June 17, 2013.

Further, since Appellant did not attempt to plead any other exception to the time-bar,[3] we conclude that Appellant's petition is time-barred and that our "courts are without jurisdiction to offer [Appellant] any form of relief."[4] ***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa. Super. 2011). Therefore, we affirm the PCRA court's order dismissing Appellant's third PCRA petition without a hearing.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2015

---

[3] Again, Appellant never attempted to explain what facts "were known to him by Tracy Whitaker." ***See*** Appellant's Response to Rule 907 Notice, 2/2/15, at 1-4.

[4] To the extent Appellant claims that his illegal sentencing claim is non-waivable, we note that, in ***Commonwealth v. Fahy***, our Supreme Court held: "[a]lthough legality of sentence is always subject to review within the PCRA, **claims must still first satisfy the PCRA's time limits or one of the exceptions thereto**." ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) (emphasis added).